Lessee of HENRY DRINKER *against* SAMUEL HUNTER.

Improvements of, or settlements on lands out of the limits of the Indian purchases, after the 3d February 1768, give no title whatever, nor will they be suffered to go to the jury.

Where lands have been patented, subsequent surveys thereof are merely void, unless in certain instances.

EJECTMENT for 300 acres of land on Penn's creek.

The court after argument, declared that no settlement on or improvement of lands out of the limits of the Indian purchases, after the law of 3d February 1768, gave any pretensions of pre-emption to the parties making them, or shadow of title; nor would the court suffer evidence of such settlements or improvements to go to the jury.

Where lands have been patented, and the titles thereof are free from suspicion, any subsequent surveys of the same lands, under warrants or locations, are merely void in themselves, unless there are strong circumstances of an antecedent possession in the adverse party, or in the instances of surveys made in consequence of the decision of the court of law on a question tried between the parties, or order of the board of property. The improper practice of some surveyors in making such surveys, and afterwards omitting to mention the *former* surveys in their returns, has been the great source of uncertainty of right, litigation and uneasiness, under which Pennsylvania has long labored.

Verdict for the plaintiff.

Messrs. Ingersoll, C. Smith and D. Smith, *pro quer.*

Messrs. Duncan and Walker, *pro def.*

---

Lessee of CHARLES POLLACK *against* REBECCA GILLESPIE and RICHARD MAYHEW.

A witness is competent, tho' another swear he heard him confess he might be a loser, by the event of the suit.

EJECTMENT for 322 acres and 36 perches in Chillesquaque township.

In the course of the trial, Robert M'Neil was offered as a witness on the part of the plaintiff.

The defendants excepted to him on the ground of interest, and produced James Morrow, who swore that M'Neil in conversation with him about seven years before, declared he would be a great loser if the plaintiff miscarried in this action.

The court at first were inclined to think that this was an objection to the competency of M'Neil *prima facie*, but that it might be repelled by other proof; yet on more full consideration they directed him to be sworn. Where one has an interest in another's testimony, the witness shall not be allowed to deprive him of it by