The opinion of the court was delivered by
Tilghman, C. J.
(After stating the facts.) Broadhead, who was appointed surveyor-general, on the 3d November, 1789, (on the death of John Lukens,) conceived that he had a right to reject the survey of Galbraith, which was made before he had appointed him a deputy. Whether the law was so, or whether John Light had a right to insist on the acceptance of the survey made by one who was de facto deputy surveyor of the district, and many of whose returns of survey had been accepted, is not now the question. He did not insist on it, but acquiesced in the rejection. But the diffirculty on the trial of this cause was, that the survey of Hollingsworth was made without any new order or authority from the surveyor-general. The law, in general, undoubtedly is, that a survey having beenonce returned, no other survey can be made, on the same warrant, without a new order. And therefore, it is clear, that if a third person had appropriated the land, before the survey made by *25 Hollingsworth, he would have held it. But that is not the case. When that survey was made, the land was vacant, unless included in Adam Light’s survey. But Adam Light disclaimed it. The survey for Wingate was made in his presence, and with his approbation. When Hollingsworth made It is return, I will not say, that it might not have been rejected. But it was accepted, and after-wards a patent issued on it. Under these circumstances, Adam Light’s mouth is closed against any objection, nor ought the commonwealth to take advantage of a defect, which has been overlooked by its superior officers. Every thing substantial has been done. A survey has been made by the deputy of the district; this survey has been accepted, the purchase money and fees of office paid, and the title confirmed by patent, and all this, without intefering with the right or claim of any individual, except Adam Light, who assented to the survey, and encouraged the purchaser to make improvements. It has not been shown, that in such a case, this court has ever decided against the title of the patentee, and I think it ought not. I am of opinion, therefore, that there was no error in the answer given by the President of the Court of Common Pleas, to the questions proposed by the plaintiff’s counsel, and the judgment should be affirmed.
Judgment affirmed.